ERIC G. SAHLBERG & others *vs.* ROBERT N. MONTFORD & others. February 8, 1973. The plaintiffs, claiming that a boundary common to their land and that of the defendants (mortgagee and equity owner) in Middleton, would, if correctly placed, show the defendants' house to be partially on the plaintiffs' land, brought suit to secure a determination that the defendants were trespassing continuously on the plaintiffs' land, to enjoin the trespass, to require the defendants to remove so much of the house as stood on the plaintiffs' land, and for damages. The master's report favored the defendants; a judge of the Superior Court refused to recommit the report and confirmed it (after striking certain conclusions) and entered a final decree for the defendants. We find no proper basis for disturbing the decree. The

southeast end of the common boundary line is a point at the stone
wall part of which forms the southeast boundary of the two prop-
erties; the northwest end of the line is a point at Boston Street. The
dispute was as to the proper location of the point at the wall. Relying
on measurements, based on the corners of the wall, which appear in
the deeds describing the southeast boundary of the larger areas from
which the parties' lots were derived, and with the aid of the defend-
ants' survey based on those measurements, the master found the
southeast end of the common boundary to be so located at the wall
that the defendants' house was clear of the plaintiffs' land. Assum-
ing this location, the common boundary was about 193 feet long,
agreeing with recent deeds in the defendants' chain, but disagreeing
with other deeds on both sides of the line describing the length as
115 feet. Locating the southeast end of the line at the wall so that
the line was 115 long would have enlarged the plaintiffs' lot to take
in a part of the defendants' house. The master found that the
descriptions making the line 115 feet long were mistaken, as they
were in conflict with the results of surveys based on identifiable land-
marks. The master observed an iron pin in the wall which, if taken to
mark the southeast end of the common boundary, would make the line
125 feet long, lending some support to the plaintiffs; but the master
found the pin to be of relatively recent origin and not indicative of the
boundary line. The judge was not obliged under Rule 90 of the
Superior Court (1954) to recommit the master's report for a summary
of evidence. There was no error in the relative weight ascribed to
monuments as against distances. *Sheppard Envelope Co.* v. *Arcade
Malleable Iron Co.* 335 Mass. 180, 185. *Ryan* v. *Stavros,* 348 Mass.
251, 258–260. See *Arsenault* v. *Arsenault,* 337 Mass. 189, 194.

*Decree affirmed.*

*Albert W. Wunderly,* for the plaintiffs, submitted a brief.
*Barry D. Berkal* for the defendants.